IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR 19-137 RB |
| ) | |
| **MARIO REYNOSO**, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' NOTICE OF EXPERT WITNESS TESTIMONY OF FORENSIC CHEMISTS/SCIENTISTS AND MOTION *IN LIMINE* FOR *DAUBERT/VELARDE* RULING ON ITS ADMISSIBILITY

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the United States of America hereby provides notice to the Court and to the defendants that it intends to introduce at trial the expert testimony of multiple forensic chemists/scientists as described below, and submits that such evidence is relevant to the issues to be tried before the jury in this case. Further, the United States moves this Court for a finding that Patrick Chavez's testimony is admissible evidence under Rule 702 of the Federal Rules of Evidence, and that Mr. Chavez has "a reliable basis in knowledge and experience" regarding forensic chemistry. As grounds therefore, the United States offers the following:

The United States intends to introduce at trial the expert testimony of New Mexico Department of Public Safety Forensic Scientist Patrick Chavez, who tested the methamphetamine which the defendant is charged with distributing this case. Mr. Chavez will testify that he tested the substance purchased from the defendant on May 8, 2018, and that he determined that the substance was 47.785 net grams of methamphetamine. He will also testify

that the substance contained 100% pure methamphetamine. Attached as Exhibit 1 is a summary of the anticipated testimony of the Mr. Chavez and an explanation of the tests that he used in order to reach his conclusions, and a copy of his resume.

The United States further intends to introduce expert testimony from the forensic chemists/scientists who tested methamphetamine and other drugs that were seized from the defendant on: (1) August 22, 2018, during an encounter with law enforcement agents in El Paso, Texas; and (2) On January 30, 2018, during the defendant's arrest in this case in El Paso, Texas. Reports regarding both of these seizures have been provided to defense counsel. The United States is currently in the process of determining whether those substances have already been analyzed, and, if so by whom. If the substances have not yet been analyzed, the United States will ask that they be analyzed immediately. As soon as the United States receives information regarding the chemists who tested the substances seized on those dates and the results of their tests, the United States will supplement this Notice of Expert Witness Testimony with the information regarding the chemists, the tests they performed, and the results of those tests.

The above-described testimony will be offered to aid the jury in determining the issues of the case.

## DISCUSSION

Federal Rule of Evidence 702 controls the admissibility of expert testimony and requires district courts to ensure that all scientific, technical or other specialized testimony of an expert witness is both relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (applying same principles to "technical" evidence). To determine whether an expert's testimony is reliable, the

court must "assess the reasoning and methodology underlying the expert's opinion." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006). Courts consider four nonexclusive factors in determining whether expert testimony is sufficiently reliable:

> (1) whether the theory at issue can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether there is a known or potential rate of error and whether there are standards controlling the methodology's operation; and (4) whether the theory generally has been accepted in the relevant scientific community.

*See Daubert*, 509 U.S. at 593-94. The Rule 702 inquiry under *Daubert* is a "flexible one," and these factors "do not all necessarily apply . . . in every instance." *Kumho Tire*, 526 U.S. at 150-51. A trial court has the same wide "latitude in deciding *how* to test an expert's reliability ... as it enjoys when it decides *whether or not* an expert's testimony is reliable." *Id*. at 152 (emphasis in original).

      The above information and attachment regarding the training, experience, and qualifications of Mr. Chavez demonstrate that his testimony is both relevant and reliable. The United States respectfully requests, pursuant to *Kumho Tire*, that the Court exercise its "special gatekeeping obligation" and determine that the testimony of Mr. Chavez is admissible as he has "a reliable basis in knowledge and experience" in forensic chemistry and the detection of controlled substances. *Id*. at 152.

      It is within the "broad discretion" of the Court to determine the means for assessing an expert's reliability and in making the ultimate determination of reliability. *See United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000). As the proposed testimony of Mr. Chavez is

testimony regarding the detection, identity, weight and purity of a controlled substance, the United States respectfully requests that the Court treat this motion as a proffer on the training and background of Mr. Chavez, issue an order recognizing Mr. Chavez as an expert, and permit the introduction of his testimony at trial. Specifically, the United States asks that the Court make a pretrial finding that Mr. Chavez' testimony has "a reliable basis in [his] knowledge and experience" regarding forensic chemistry and the detection of controlled substances. *See Velarde*, 214 F.3d at 1208 (quoting *Kumho Tire*, 526 U.S. at 149).

In this case, there are no novel scientific principles at play and adequate assurances of reliability are contained in the motion. Accordingly, this Court can and should rule the testimony admissible based on the pleadings. In the alternative, even if the Court concludes that some form of hearing should be held, the Court may properly reserve ruling on the admissibility of the testimony in question until offered at trial. *See United States v. Nichols,* 169 F.3d 1255, 1262-63 (10th Cir. 1999).

WHEREFORE, the United States respectfully requests that the Court treat this motion as a proffer on the training and background of Mr. Chavez and issue an order recognizing Mr. Chavez as an expert, and permit the introduction of his testimony at trial. Specifically, the United States asks that the Court make a pretrial finding that Mr. Chavez's testimony has "a reliable basis in [his] knowledge and experience" regarding forensic chemistry and the detection of controlled substances. The United States further requests that the Court allow the United States to supplement this motion when additional information is obtained regarding the chemists

who tested the methamphetamine and other narcotics seized from the defendant on August 22, 2018, and January 30, 2019.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically Filed 5/2/2019*
RENEE L. CAMACHO
NICOLE T. HAMMOND
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 323- - Tel.
(575) 522-2391 - Fax

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*Electronically Filed 5/2/2019*
RENEE L. CAMACHO
Assistant U.S. Attorney