IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUL -8 2019

MITCHELL R. ELFERS
CLERK OF COURT

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                      No. 19-cr-137 RB

MARIO REYNOSO,

    Defendant.

## COURT'S PRELIMINARY INSTRUCTIONS

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now, I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States Government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by Assistant United States Attorneys Renee L. Camacho and Nicole T. Hammond. The defendant, Mario Reynoso, is represented by his attorney, Russell Dean Clark.

The indictment charges the defendant with one count of distribution of methamphetamine. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of guilt or anything else. The defendant pleaded not guilty and is presumed innocent. The defendant may not be found guilty by you unless all twelve of you, unanimously, find that the government has proved the defendant's guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government, in its opening statement, will tell you about the evidence that it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

[After the government's opening statement, the defendant's attorney may make an opening statement.]

Evidence will be presented from which you will have to determine the facts. The

evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant's lawyer may make an opening statement and present evidence, but is not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, here at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be

3

patient even if the trial seems to be moving slowly, because conferences often actually save time in the end.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate that I have any opinion about the facts in the case. I am only trying to bring out facts that you may consider.

You are to consider all of the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject. You, and you alone, are judges of the facts. Now, as you know, I am the judge presiding over this trial. You'll notice that, when I come into the courtroom, Ms. Chavez says "all rise." Everyone rises when I enter and leave the courtroom, and that's a sign of respect for the judicial office. You, as judges of the facts, are accorded that same respect, and we will all rise as you come in and as you depart the courtroom.

You should give careful attention to the testimony and exhibits because, based upon this evidence, you will decide whether the government has proved, beyond a reasonable doubt, that the defendant has committed the crimes charged in the indictment. You must base that decision only on the evidence in the case and my instructions on the law. You will have the exhibits with you when you deliberate. After you have heard all the evidence from both sides, the government and the defendant will be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law, which you are to use in reaching your verdict. I will give you detailed instructions on the law at the

end of the case, and those instructions will control your deliberations and decision. But, in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove to make its case.

The defendant is charged in the indictment with a single count of distribution of a controlled substance, 5 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

To find the defendant guilty, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly or intentionally distributed a controlled substance as charged;

*Second*: the substance was in fact methamphetamine;

*Third*: the amount of the controlled substance distributed by defendant was at least 5 grams.


If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes. If you do decide to take notes, please be careful not to get so involved in note-taking that you become distracted; and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, please leave them in the jury room at night and do not discuss

the contents of your notes until you begin deliberations.

We do have an official court reporter making stenographic notes of everything that is said here at the trial. This is basically to assist with any appeals. We will not have typewritten transcripts of this record available for your use in reaching a decision in this case. On the other hand, any exhibits will be available to you during your deliberations.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question, and you should not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers. The lawyers in this case are aware of this, and should you happen to see any of them outside the courtroom, they will, and should, ignore you. Please don't take offense. They will only be acting properly by doing so. In addition, during the course of the trial, you should not talk about the trial with anyone else, including each other, your family members, or your friends. You should not discuss this case among yourselves until I have instructed you on the law and you've gone to the jury room to deliberate and make your decision at the end of the trial. After you retire to deliberate, you

may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end. It is important that you wait until all the evidence is received and you've heard my instructions on the controlling rules of law before you begin your deliberations.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not hear or read about the case in the media, and you must not conduct any independent research about this case, the matters in the case, or the individuals involved in the case. In other words, you must not attempt to gather any information on your own from any source outside this courtroom that you think might be helpful in deciding the case. Don't engage in any outside reading, don't attempt to visit any places mentioned in the case, and don't in any other way try to learn about the case outside the courtroom. Don't consult dictionaries or reference materials, search the internet, or use any electronic tools or print reference materials to obtain information about this case or to help you decide the case. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

I hope that for all of you this case is interesting and noteworthy; however, certain developments in technology compel me to point out that some common, daily activities many of you may enjoy are strictly forbidden in your role as jurors. I know that many of you use cell phones, smart phones, the internet, and other tools of technology. You must not use these tools to communicate electronically with anyone about the case. This includes

your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, smart phone, text messaging, through any blog or website, including Instagram, Facebook, SnapChat, Twitter, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

What you may do is advise anyone who needs to know, such as family members, employers, employees, schools, teachers, or daycare providers, that you are a juror in a case and the judge has ordered you not to discuss it until you've reached a verdict and have been discharged. Once you've been discharged as jurors, you will be free to discuss this case or investigate anything about it as you wish.

Now, before moving on to the government's opening statement, let me give you a quick rundown regarding scheduling and a few other logistical details.

- A typical trial day begins at 9:00 a.m. We will have one 20-minute break about halfway between 9:00 and noon, and then we'll take a lunch break that goes from noon until 1:15. We'll reconvene at 1:15 and go until 5:00, with one 20-minute break close to the midway point in the afternoon.
- Jurors are free to have sodas, water, etc., but be judicious in intake.
- If during trial, if you cannot hear or see something, let us know immediately.
- If anyone needs hearing assistance, we have headphones available that are wired into the speaker system, and we are happy to provide them to you. Just let Ms. Chavez know if you need them.

8

- Everyone in the courtroom must turn their cell phones off (or I get them).
- Let Ms. Chavez know if the temperature in the courtroom is uncomfortable.
- I have a back issue. If anyone else has a similar issue, let Ms. Chavez know and we'll move you to the back row so that you may stand if it's more comfortable.
- Does anyone need to make a phone call? We can take a short recess to make calls if necessary. When we return, we will begin with the government's opening statement.

With that introduction, Ms. Camacho and Ms. Hammond, you may present the opening statement for the government.